and call our next case this morning and our fourth case this morning is Reyes versus Barr all right it looks like we have both counsel and mr. Christopher you may proceed good morning your honor it may have pleased the court my name is Mark Christopher and I'm happy to represent mr. Wilmer Reyes so point is the contentions in our case are very straightforward first that the immigration judge in the Board of Immigration Appeals erred when they determined that an extensive beating by five men two of whom were police officers combined with death threats to himself and his son in five months of extortion payments did not rise to the level of past persecution or torture the second contention is that the IJ and the BIA erred in its asylum analysis by holding that an applicant must prove their persecutor is seeking to overcome the protected ground so mr. Christopher could I start you on the first thing because you have you have different problems with the cancelling you know asylum cancellation of removal side on the one hand in the Convention against torture and on the on the first of those I'd like you to talk for a minute about what protected group you are asserting mr. Reyes see Fuentes was part of because that's that is an essential part of the asylum cancellation analysis absolutely is is your honor understands the the protected group that was identified by the immigration judge was someone who's perceived as a restaurant manager or business owner in Guatemala my client why is that in any way something that satisfies the definition of a group it's it's quite mutable it fields and and I wonder actually what mr. Reyes see Fuentes himself I mean said or was arguing for his protected group rather than what just the IJ or the BIA deduced from the arguments mr. Reyes mr. Reyes appointee was unrepresented at his initial hearing but I think if if if he was able to kind of filter down his argument I think he would and what we're asserting is we're asserting that he was educated perceived as a business owner and readily educated business owner in Guatemala doesn't just substantially expand protected social groups beyond any concept of way we originally developed I don't I don't think so your honor I mean this this court has this court has had a broad and view of particular social groups in the past for example educated landowners has been found to be a particular social group single women in Albania has been found to be a particular social group so it has been an expansive this court has taken an expansive view of that certainly in the past in here there is nothing mr. Reyes of Fuentes can do to divest himself of this characteristic or this issue he will be targeted when he returns for that reason but there's no particular aspect with regard to a restaurant manager that extends throughout restaurant managers it's not there's nothing no there's just nothing consistent about what they are but what he was viewed what he was viewed as he was viewed as the restaurant owner and in the transcript he says the judge asked why is why are you coming why would they come after you and he explains it's because they view me as a restaurant owner they view me as being educated and that that's what he said that's what he said in his in the transcript or in the in the first hearing but didn't didn't the the immigration judge infer from that basically that he was saying that they had gone after him because they perceived him of someone having money you know who would be a good person to extort but there are plenty of cases that say that's just a an ordinary criminal motive it's not like being as part of an ethnic group or being you know part of a political affiliation or part of you know a certain family clan or sub ethnic group that would be a which have a particularized social status in certain countries so how do you get away from this you know they wanted money extortion is a crime you shouldn't be doing it but that's what was happening well well I think your honor this is a person who he's educated I think he's going to be viewed as someone who can always be able to obtain money it's not like he is going to be left alone which would be you know the equivalent to the case involving the the couple from from the Ukraine whereby you know once they determined that court determined that once money was gone or it was viewed that they no longer had money or could get money then they would be left alone but I think mr. Reyes if when days is not going to be in that situation because he's always going to be perceived as educated he's always going to be perceived as the is having the ability to make money through his knowledge of the restaurant working as a restaurant or other means okay on it so on the other side of this I wanted you to say a word or two about the Convention against torture because torture has to mean something other than mistreatment by the public officials I mean there are various definitions of from US statutes or from practice of other countries under the convention and I'm certainly not saying nor was the immigration judge that this beating that he got was anything but terrible and unfortunate but he wasn't badly injured in it and I want to know how it crosses the line in your view from mistreatment to torture well I think if we compare it with the in the level of harm upon the individual is extremely similar and I would even say that in our situation mr. Reyes this situation it's worse he was in his situation he was attacked not only by members of the gang but he was also attacked by members of the police two members of the police it resulted in scars he tried to show the immigration judge at the hearing the level of his scars and I think that when you read the Code of Federal Regulations definition of torture under the Convention against torture I think it meets that requirement especially if you compare it to the stanikovic case I mean what was going on in stanikovic was pretty brutal I mean having to watch your pregnant wife be assaulted by people and all the rest of that it was I don't know I mean it these are probably incommensurable in some ways but we're stuck with a job of sorting sure sure well in stanikovic you know the person was assaulted I wouldn't say it was a severe sexual assault but in the case that we have the wife was assaulted I should say not a severe sexual assault that he had to sit through but in our case we have it by the police officers and then we also have that coupled with five months of extortion payments we have that with obviously a very credible death threat to both him and his son in those and when you compare those things with the stanikovic I think we're we're definitely on the same level and I would say that you know in our case it's even more severe thank you the second thing that I did want to point out to the court is this nexus analysis that the immigration judge and the board adopted what they had indicated is that mr. Reyes had to show that the persecutor was trying to overcome his status such analysis is just not based on asylum law the law requires the analysis to be and to look at one central reason for the persecution in other words their motivation must be must their particular social group must be one central reason the persecutor doesn't have to overcome or the applicant doesn't have to prove that the overcome the particular social group and so that was a clear air and analysis on behalf of the IJ in the BIA and so if there are if there are no other questions I would reserve the rest of my time thank you mr. Anderson good morning your honors may please of the court Eric Anderson representing the Mr. Reyes Fuentes credibly testified that he was the victim of criminal extortion in Guatemala however it is insufficient to establish his eligibility for asylum withholding or convention against torture relief to start with the asylum claim his claim is based solely on the past harm he experienced in Guatemala which he asserts was inflicted on him as a member of the group of restaurant managers the immigration judge and board assumed somewhat skeptically but assumed that restaurant managers met their qualifications of immutability particularity social distinction that have been defined to identify valid social groups but in this case there was no evidence still less evidence compelling the finding that mr. Reyes Fuentes was harmed because he was a restaurant manager rather the mere causal connection of opportunistic crime of going after people who have money is insufficient to establish a basis for asylum under the nexus requirement as for the argument that there is no requirement of animus or intent to overcome or punish this requirement is from the very earliest days of the asylum law decisions cited in my brief include matter of Acosta and matter of Margarabi up through the Attorney General Sessions matter of a B decision that this is a consistent requirement in immigration law and that this court's decisions are consistent with it cases like Melnick or or Alana Arias where a criminal group is motivated by financial gain and picks you out because you have money that doesn't show a motivation by a particular social group so mr. Anderson I have to say though I had some sympathy for the idea that the the phrasing overcome the social group seems quite obfuscating to me I mean it what the statute says and what the regulation say is that it has to be because of it has to be on account of your membership in that group you know you're targeted because of that so I don't even know what it means to overcome you know being you know a member of the ROM and in southern Europe or you know it just I don't even know what that means so I or maybe it's just maybe that's just too narrow a phrasing and we need to be more fulsome in the way we talk about this I think it's it's usually used alongside terms like animus or a desire to punish that there must be some malicious view towards the victim not based solely on the the criminal financial gains of the perpetrator so it's not really overcoming it you know it's it's it's really as I think you just said it's really more you know the evildoer is out there the government-sponsored evildoer and is saying we're gonna beat up you know all the Sikhs in town or we're gonna we're gonna perform bad acts against some other group it's not overcoming being member of a group is it I mean I suppose in some circumstances if it was like oh I'll persecute you because you're a Sikh unless you should renounce your religion and adopt another one I mean there and there are qualities of a victim that you might be wanting them to change or not you obviously but that a perhaps you'd like to concede or at least acknowledge that that's an unfortunate way of phrasing the nexus requirement and point us to another spot in the ALJ's opinion where the ALJ actually uses more customary language for discussing the nexus for example the sentence immediately before the there's no evidence that the petitioner was actually targeted for harm on account of which is the usual looking for yes because of his being a manager in a restaurant but rather was being targeted because the perpetrators were trying to unlawfully enrich themselves and targeting people they believe to have money I think that's an accurate I don't I think the IJ accurately stated the law of areas the goal is simply to exclude pure causality that if you think Oh restaurant managers have money that'd be enough and so if the IJ phrase was perhaps implicit the or it uses the term animals which I think is consistent with this court's cases and the boards on precedent right so the IJ said enough here the nexus requirement notwithstanding the unfortunate overcoming language yes your honor I I don't want to say I mean this phrase by itself may not be enough but the goal is to identify circumstances that are to exclude opportunistic crime and if phrases like animus or a desire to and if if that's what the the precedent on overcoming means then I think it's consistent with with what with what the statute of regulations requires so we've discussed nexus there's also the issue of whether mr. Reyes appointed experiences in Guatemala rose to the level of persecution or rose to an even higher level of torture and the one threat he received was over a telephone it was not in person it was not imminent it was conditional it possessed all the characteristics which distinguished it from a threats which themselves are constitute persecution that was then coupled when he did not pay the extortion on one incident with a three to five minute beating which resulted in a cut on his shoulder and that these circumstances do not compel a finding past persecution so that did they find compel a finding past torture and unless the court has any other questions I would ask the court to deny the petition for review because the record supports the administrative findings in this case all right thank you very much mr. Christopher thank you thank you your again just real briefly you know again to cite the regulations they define torture as any act by which severe pain or suffering whether physical or mental is intentionally inflicted on a person and being severely beaten by five men including two officers resulting in scars beaten with a bottle that compounded with the extortion payments that compounded with the death threats I by the reading of that definition we meet that here so I see my time I see my time is up thank you all right thank you very much our thanks to both council the case has taken under advice